**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| CHRISTOPHER E. WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INDIANA FARM BUREAU )<br>INSURANCE, )<br>)<br>Defendant. ) | CAUSE NO. 3:16-CV-553 RL |

## OPINION AND ORDER

This matter is before the Court on the Complaint for Damages and Demand for a Trial by Jury, filed by Christopher E. Washington, a *pro se* prisoner, on August 18, 2016. For the reasons set forth below, any federal claims contained in the complaint (DE 1) are **DISMISSED** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367©.

BACKGROUND

Washington alleges that on September 8, 2008, he was struck by a vehicle driven by an individual who was insured by Indiana Farm Bureau Insurance. Washington alleges that Indiana Farm Bureau Insurance conducted a deficient investigation of the accident, which caused him various financial and emotional injuries. Washington seeks money damages against Indiana Farm Bureau pursuant

-1-

to state and federal law.

DISCUSSION

Washington does not identify what federal law he is pursuing. To the extent he believes his constitutional rights have been violated, Washington must bring such a claim pursuant to section 1983. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). As a threshold matter, it appears that the insurance company's actions did not violate a federal constitutional right and it was not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Nevertheless, even if someone at the insurance company could be deemed a state actor, negligence does not establish a constitutional claim, since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). This case presents no federal constitutional claim.

Moreover, any alleged constitutional claim would also be time barred. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*,

239 F.3d 892, 894 (7th Cir. 2001). Here, Washington's claim arose on September 8, 2008. Thus, he had until September 8, 2010, to file any federal constitutional claim. However, the complaint was not signed until August 12, 2016, almost six years after the statute of limitations had expired. Although the statute of limitations is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Because it has clearly been more than two years since this claim arose, it must be dismissed.

Washington also alleges that the defendant's actions violated Indiana Code section 11-8-4-8. The court will dismiss any state law claims contained in the complaint without prejudice should Washington wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

CONCLUSION

For the reasons set forth above, any federal claims contained

in the  complaint (DE 1) are **DISMISSED** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the complaint are **DISMISSED** pursuant to 28 U.S.C. § 1367(c).

DATED: September 8, 2016          /s/RUDY LOZANO, Judge
                                  United States District Court